UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE D. HUDDLESTONE,

    Plaintiff,

v.                                                            Case No. 20-11824

MARQUELLE WARRNER,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATIONS TO
PROCEED WITHOUT PREPAYING FEES OR COSTS,
SUMMARILY DISMISSING THE COMPLAINT, AND DENYING
AS MOOT PLAINTIFF'S REQUEST FOR APPOINTMENT OF AN ATTORNEY AND
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Steve D. Huddlestone, a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) He also filed two applications to proceed without prepaying the fees and costs for this action (ECF Nos. 2, 4), a request for appointment of counsel (ECF No. 5), and a motion for summary judgment. (ECF No.6.)

Defendant Marquelle Warrner is also a prisoner at the Cotton Correctional Facility in Jackson. Plaintiff alleges in his complaint that Defendant lied to the Genesee County Circuit Court and tried to blame Plaintiff for murders that Defendant and other gang members committed in the Flint area and other cities. (ECF No. 1, PageID.3.) Plaintiff further alleges that Defendant and other gang members lied to the court in Flint by claiming that Plaintiff murdered 50 to 75 people at the Cloud 9 Club in Flint. (*Id.*)

Plaintiff denies committing the crimes, and he seeks money damages for the fraud that allegedly occurred. (*Id.* at PageID.3-4.)

## II. DISCUSSION

### A. Financial Applications

Plaintiff has asked the Court for permission to proceed without prepaying the fees and costs for this action. Because Plaintiff is a prisoner, he must pay the full filing fee for this action. 28 U.S.C. § 1915(b)(1). Although Plaintiff failed to submit a certified statement of his trust fund account, he asserts that he lacks the financial resources to pay the filing fee in this case. Although Plaintiff would ordinarily be required to make monthly payments towards the cost of his filing fee, the court will not order such payments because as explained below, Plaintiff's complaint will be dismissed because it is frivolous. Thus, the court will grant Plaintiff's request and summarily dismiss the case as opposed to requiring Plaintiff to pay the filing fee only to then dismiss the case for failure to state a claim.

### B. Legal Claims

Having granted Plaintiff permission to proceed without prepayment of the fees and costs for this action, the court is required to screen his complaint and dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), (b); *Grinter v. Knight.* 532 F.3d 567, 572 (6th Cir. 2008). To prevail on his claim, he must prove two things: "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that

2

the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Under *Twombly* and *Iqbal*, a complaint is accepted as true, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's complaint is frivolous and fails to state a plausible claim for relief because it challenges the conviction which led to Plaintiff's incarceration. The sole federal remedy for a state prisoner's challenge to the fact or duration of physical imprisonment is a petition for the writ of habeas corpus, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 500 (1973). Additionally, as the Supreme Court explained in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id*. at 486-87 (footnote omitted) (emphasis in original). The Court has further explained that *Heck* and subsequent cases,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that his unspecified conviction was invalidated by state officials or called in question on federal habeas corpus review. An award of money damages for his present incarceration would necessarily demonstrate the invalidity of his conviction. Thus, Plaintiff's allegation that Defendant committed fraud in Genesee County Circuit Court by blaming Plaintiff for certain murders is not a cognizable claim in this civil rights action.

Furthermore, it does not appear that Defendant was a state actor at the time in question. The facts, as alleged in the complaint, indicate that Defendant was a witness at Plaintiff's state criminal trial. As a trial witness, Defendant enjoys immunity from suit with respect to any claim based on his testimony. *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012); *see also Briscoe v. LaHue*, 460 U.S. 325, 329 (1983) (stating that "§ 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding."). Thus, Plaintiff's action will be dismissed because it does not contain a legally cognizable claim and seeks damages from a defendant who is immune from such relief.

4

### III.  CONCLUSION

For the reasons given above, Plaintiff's complaint is frivolous, fails to state a plausible claim for which relief may be granted, and seeks money damages from a defendant who is immune from such relief. Accordingly,

IT IS ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS ORDERED that Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

Finally, IT IS ORDERED that Plaintiff's request for appointment of counsel (ECF no. 5) and motion for summary judgment (ECF No. 6) are DENIED AS MOOT.

                                        s/Robert H. Cleland              /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: August 25, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 25, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Wagner                    /
                                          Case Manager and Deputy Clerk
                                        (810) 292-6522